THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SAMANTHA TRIMBLE | § | |
| | § | |
| Plaintiff | § | |
| VS. | § | CASE NO. 4:14-CV-00868-O |
| | § | |
| MILLWOOD HOSPITAL | § | |
| | § | |
| Defendant | § | |

**DEFENDANT'S FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) MOTION TO DISMISS AND DEFENDANT'S BRIEF IN SUPPORT OF SAME**

GLYNIS L. ZAVARELLI (Lead Counsel)
State Bar No. 00788743
gzavarelli@wandzlaw.com

M. LESLIE DAVIS
State Bar No. 24081547
ldavis@wandzlaw.com

WENTZ & ZAVARELLI, L.L.P.
222 W. Las Colinas Blvd. Suite 1900N
Irving, Texas 75039
(469) 665-9100 - Telephone
(469) 665-9106 – Facsimile

**ATTORNEYS FOR DEFENDANT
MILLWOOD HOSPITAL, L.P.**

## TABLE OF CONTENTS

    Page No.

I.    FACTUAL AND PROCEDURAL BACKGROUND    1

II.   FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) MOTION TO DISMISS    2

III.  DEFENDANT'S BRIEF IN SUPPORT OF DEFENDANT'S FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) MOTION TO DISMISS    3

    A. *Plaintiff's Section 504 of the Rehabilitation Act of 1973 Claim*    3

    B. *Plaintiff's Americans with Disabilities Act, 42 U.S.C. §12101, et seq. Claim*    6

    C. *Plaintiff's Civil Rights Act of 1964, 42 U.S.C. §1983 Claim*    8

IV.  CONCLUSION    9

# TABLE OF AUTHORITIES

**Cases**                                                                                                              **Page(s)**

*Attenberry v. Nocona Gen. Hosp.*, 430 F.3d 245 (5th Cir. 2005) .................................................. 8

*Bass v. Parkwood Hospital*, 180 F.3d 234 (5th Cir. 1999) ............................................................ 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................................................... 2-3

*Blanks v. Southwestern Bell Communications*, 310 F.3d 398 (5th Cir. 2002) .............................. 7

*Chandler v. City of Dallas*, 2 F.3d 1385 (5th Cir. 1993) .............................................................. 5

*Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344 (5th Cir. 1985) ........................................ 8

*Flagg Bros., Inc. v. Brooks*, 436 U.S. 149 (1978) ........................................................................ 8

*Lopez v. Lone Star Beef Processors, LP*, 145 Fed. Appx. 473 (5th Cir. 2005) ......................... 2, 7

*Melton v. Dallas Area Rapid Transit*, 391 F.3d 669 (5th Cir. 2004) ............................................ 7

*Mendoza v. Lynaugh*, 989 F.2d 191 (5th Cir. 1993) ..................................................................... 9

*Nottingham v. Finsterwald*, No. 2:10-CV-0023, 2012 U.S. Dist. LEXIS 43765,
   (N.D. Tex., Mar. 29, 2012), *aff'd*, 582 Fed. Appx. 297 (5th Cir. 2014) ................................ 5, 7

*Stewart v. Murphy*, 174 F.3d 530 (5th Cir. 1999) ......................................................................... 9

*Wheat v. Mass*, 994 F.2d 273 (5th Cir. 1993) ........................................................................... 8-9

**Statutes**

29 U.S.C. §794 (Section 504 of the Rehabilitation Act of 1973) ......................................... *passim*

42 U.S.C. §1983 (Civil Rights Act of 1964) ........................................................................ *passim*

42 U.S.C. §12101, et seq. (Americans with Disabilities Act) .............................................. *passim*

42 U.S.C. §12131 ............................................................................................................................ 6

42 U.S.C. §12132 ............................................................................................................................ 6

42 U.S.C. §1983 (Civil Rights Act of 1964) ........................................................................ *passim*

TEX. CIV. PRAC. & REM. CODE CHAPTER 74 ................................................................................ 1-2

## Other Authorities

Federal Rule of Civil Procedure 12(b)(6) ................................................................... *passim*

Texas Health & Safety Code, generally ............................................................................ 1

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SAMANTHA TRIMBLE | § § | |
| Plaintiff | § | |
| VS. | § | CASE NO. 4:14-CV-00868-O |
| | § | |
| MILLWOOD HOSPITAL | § § | |
| Defendant | § | |

## DEFENDANT'S FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) MOTION TO DISMISS AND DEFENDANT'S BRIEF IN SUPPORT OF SAME

TO THE HONORABLE JUDGE OF THE U.S. DISTRICT COURT:

COMES NOW, Defendant Millwood Hospital, L.P. d/b/a Millwood Hospital (hereinafter referred to as "Defendant") and files this its Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss and Defendant's Brief in Support of Same, and in support thereof, would respectfully show unto the Court as follows:

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

This is a healthcare liability claim in which Plaintiff contends that she suffered various damages, including past medical expenses and emotional distress, as a result of her admission at Millwood Hospital from October 26, 2012 through October 29, 2012. Plaintiff asserts claims for violations of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 ("Rehabilitation Act"); the Americans with Disabilities Act, 42 U.S.C. §12101, et seq. ("ADA"); the Civil Rights Act of 1964, 42 U.S.C. §1983 ("§1983"); and the Texas Health & Safety Code, and further asserts a healthcare liability claim pursuant to Chapter 74 of Texas Civil Practice & Remedies

Code, and a false imprisonment claim in connection with Plaintiff's allegation that she was improperly held and/or detained at Millwood Hospital from October 26, 2012 through October 29, 2012. Defendant has filed responsive pleadings denying Plaintiff's allegations. Defendant asserts that Plaintiff's claims and causes of action brought pursuant to the Rehabilitation Act, the ADA and §1983 are inapplicable to the facts and circumstances of this case and as such, Plaintiff fails to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). This matter is currently set for trial on March 7, 2016.

## II.

## FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) MOTION TO DISMISS

Dismissal of claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate when the court takes the plaintiff's allegations as true and it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Lopez v. Lone Star Beef Processors, LP*, 145 Fed. Appx. 473, 474 (5th Cir. 2005). Defendant asserts that this Court should dismiss Plaintiff's claims for alleged violations of the Rehabilitation Act, the ADA and §1983 for failure to state a claim upon which relief can be granted. Once these claims are stripped of conclusory allegations and unwarranted deductions of fact, there are no viable claims to proceed upon. Plaintiff has failed to allege sufficient facts to nudge her claims across the line from conceivable to plausible and therefore, these claims should be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Defendant requests that this Court order dismissal with prejudice as to all of Plaintiff's claims with respect to the Rehabilitation Act, the ADA and §1983. Plaintiff has failed to plead sufficient facts to state claims for violations of the Rehabilitation Act, the ADA and §1983 upon which relief can be granted. "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of

minimum expenditure of time and money by the parties and the court." *Id.* at 558. Plaintiff has failed to plead any facts which would provide for the applicability of the causes of action for violations of the Rehabilitation Act, the ADA and §1983.

## III.

## DEFENDANT'S BRIEF IN SUPPORT OF DEFENDANT'S FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) MOTION TO DISMISS

### A. *Plaintiff's Section 504 of the Rehabilitation Act of 1973 Claim*

Plaintiff has failed to plead any facts which provide for the applicability of Section 504 Rehabilitation Act. Pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794:

29 U.S.C. §794 Nondiscrimination under Federal grants and programs

(a) Promulgation of rules and regulations. No otherwise qualified individual with a disability in the United States, as defined in section 7(20) [29 USCS § 705(20)], shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service. The head of each such agency shall promulgate such regulations as may be necessary to carry out the amendments to this section made by the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978. Copies of any proposed regulation shall be submitted to appropriate authorizing committees of the Congress, and such regulation may take effect no earlier than the thirtieth day after the date on which such regulation is so submitted to such committees.

(b) "Program or activity" defined. For the purposes of this section, the term "program or activity" means all of the operations of--

(1)
    (A) a department, agency, special purpose district, or other instrumentality of a State or of a local government; or

    (B) the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)
- (A) a college, university, or other postsecondary institution, or a public system of higher education; or
- (B) a local educational agency (as defined in section 9101 of the Elementary and Secondary Education Act of 1965 [20 USCS § 7801]), system of career and technical education, or other school system;

(3)
- (A) an entire corporation, partnership, or other private organization, or an entire sole proprietorship--
  - (i) if assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or
  - (ii) which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or
- (B) the entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) any other entity which is established by two or more of the entities described in paragraph (1), (2), or (3);

any part of which is extended Federal financial assistance.

(c) Significant structural alterations by small providers. Small providers are not required by subsection (a) to make significant structural alterations to their existing facilities for the purpose of assuring program accessibility, if alternative means of providing the services are available. The terms used in this subsection shall be construed with reference to the regulations existing on the date of the enactment of this subsection [enacted March 22, 1988].

(d) Standards used in determining violation of section. The standards used to determine whether this section has been violated in a complaint alleging employment discrimination under this section shall be the standards applied under title I of the Americans with Disabilities Act of 1990 (42 U.S.C. 12111 et seq.) and the provisions of sections 501 through 504, and 510, of the Americans with Disabilities Act of 1990 (42 U.S.C. 12201-12204 and 12210), as such sections relate to employment.

The Rehabilitation Act is designed to prevent discrimination against a "qualified individual with a disability" in employment, provision of education or provision of services, by either federal programs/agencies or private companies that receive federal financial assistance. To state a claim under the Rehabilitation Act, a plaintiff must allege that (1) he was a qualified individual with a disability, (2) the program or facility received federal funding and (3) he was adversely treated solely as a result of the disability. *Nottingham v. Finsterwald*, No. 2:10-CV-0023, 2012 U.S. Dist. LEXIS 43765, at *12 (N.D. Tex., Mar. 29, 2012)[1], *aff'd*, 582 Fed. Appx. 297 (5th Cir. 2014) (citing *Chandler v. City of Dallas*, 2 F.3d 1385, 1390 (5th Cir. 1993)). A lawsuit under the Rehabilitation Act cannot be based on medical treatment decisions. *Nottingham*, 2012 U.S. Dist. LEXIS 43765, at *14.

Plaintiff has not set out any particular facts which would establish that Plaintiff meets the definition of a "qualified individual with a disability" under the Rehabilitation Act. Instead, the facts as plead in Plaintiff's First Amended Complaint indicate that she is not a "qualified individual with a disability" as contemplated by the Act. Further, Plaintiff's First Amended Complaint fails to provide any information or facts as to how Plaintiff was discriminated against, in any manner, based upon her alleged disability (or otherwise). Clearly, employment and education opportunities are not at issue in this case. The focus, therefore, is on what programs and/or services, if any, were denied to Plaintiff as result of discriminating against her (based on her alleged "disability") and/or what reasonable accommodation(s) (as that term is contemplated in the Rehabilitation Act) were requested by Plaintiff from Millwood Hospital, but denied. With this focus in mind, Plaintiff has failed to plead any facts to show that she meets the definition of a "qualified individual with a disability" and has failed to plead any facts regarding the manner

---

[1] Pursuant to the Scheduling Order [doc. 16] entered in this matter, a copy of *Nottingham v. Finsterwald* is attached hereto as Exhibit "1".

in which she was purportedly discriminated against (denied services or reasonable accommodations). Plaintiff has failed to plead any facts which demonstrate the applicability of a Section 504 Rehabilitation Act claim and, therefore, Plaintiff has failed to state a claim under the Rehabilitation Act upon which relief may be granted.

### B. *Plaintiff's Americans with Disabilities Act, 42 U.S.C. §12101, et seq. Claim*

Plaintiff has failed to plead any facts which provide for the applicability of the ADA. Pursuant to the Americans with Disabilities Act, 42 U.S.C. §§12131 and 12132:

42 U.S.C. §12131 Definition

As used in this title:

(1)  Public entity. The term "public entity" means--

    (A)  any State or local government;

    (B)  any department, agency, special purpose district, or other instrumentality of a State or States or local government; and

    (C)  the National Railroad Passenger Corporation, and any commuter authority (as defined in section 103(8) of the Rail Passenger Service Act [49 USCS§24102(4)].

(2)  Qualified individual with a disability. The term "qualified individual with a disability" means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

42 U.S.C. §12132 Discrimination

Subject to the provisions of this title, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

The purpose of the ADA is to provide a clear and comprehensive national mandate for the elimination of discrimination against a "qualified individual with a disability". The ADA is a civil rights law that prohibits discrimination against individuals with disabilities in all areas of public life, including jobs, schools, transportation, and all public and private places that are open to the general public. To state a claim under the ADA, a plaintiff must allege that (1) he is a qualified individual with a disability (2) who was excluded from participation in or denied the benefits of services, programs or activities of a public entity and (3) the exclusion, denial or discrimination was because of his disability. *Nottingham*, 2012 U.S. Dist. LEXIS 43765, at *12 (citing *Blanks v. Southwestern Bell Communications*, 310 F.3d 398, 400 (5th Cir. 2002)); also, see *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 671-72 (5th Cir. 2004). A lawsuit under the ADA cannot be based on medical treatment decisions. *Nottingham*, 2012 U.S. Dist. LEXIS 43765, at *14.

Plaintiff has failed to allege particular facts which would establish that she meets the definition of a "qualified individual with a disability" under the ADA. Rule 12(b)(6) dismissal of a Plaintiff's ADA claim is proper when Plaintiff has failed to allege that she suffers from a disability. *Lopez v. Lone Star Beef Processors, LP*, 145 Fed. Appx. 473, 474 (5th Cir. 2005). In her First Amended Complaint, Plaintiff has failed to plead any facts to establish that she meets the definition of a "qualified individual with a disability" under the ADA and has failed to plead any facts regarding the manner in which she was purportedly discriminated against (denied services or reasonable accommodations). With respect to her ADA violation cause of action, Plaintiff has failed to state a claim upon which relief may be granted.

### *C. Plaintiff's Civil Rights Act of 1964, 42 U.S.C. §1983 Claim*

Plaintiff has failed to plead any facts which provide for the applicability of §1983. Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §1983:

42 U.S.C. §1983 Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Plaintiff's pleadings cannot support a cause of action under §1983. To state a claim under §1983, a plaintiff must allege facts which show that (1) he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) the deprivation was caused by a person or persons acting under color of state law. *Bass v. Parkwood Hospital*, 180 F.3d 234, 241 (5th Cir. 1999) (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978)); also, see *Attenberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252-53 (5th Cir. 2005). Since the Fourteenth Amendment protects liberty and property interests only against invasion by the state, any plaintiff alleging a §1983 claim must also show that state action caused his injury. *Bass*, 180 F.3d at 241. "A private hospital [such as Defendant] is not transformed into a state actor merely by statutory regulation." *Id.* at 242 (citing *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1348-49 (5th Cir. 1985)(finding no state action or involvement to support a §1983 claim against a private nursing home despite state regulation and public funding)). Also, see *Wheat v. Mass*, 994 F.2d 273, 275-76 (5th Cir. 1993) (holding that dismissal of a §1983 claim against a hospital was proper because the hospital was not a "state actor" and could not be considered as

such solely because it received Medicare and Medicaid funds and was subject to state regulation). Moreover, with respect to alleged negligent medical claims, such claims do not rise to the level of constitutional violations. *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999) (malpractice or negligent medical care does not rise to the level of a constitutional violation); also, see *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993) (holding that negligent medical treatment is not a cognizable basis upon which to predicate a section 1983 action).

Plaintiff has not pled sufficient facts to establish the applicability of the Civil Rights Act of 1964, 42 U.S.C. §1983. In her First Amended Complaint, Plaintiff has failed to allege facts tending to show that she has been deprived of any right secured by the Constitution and the laws of the United States. In addition, Plaintiff has failed to allege that any deprivation of rights was caused by a person or persons acting under color of state law. In her First Amended Complaint, Plaintiff alleges (correctly) that Defendant is a private, for profit, psychiatric hospital. Plaintiff has failed to plead facts sufficient to establish any state action to support a §1983 claim against the private hospital Defendant. With respect to her §1983 claim, Plaintiff has failed to state a claim upon which relief may be granted.

## IV.

## CONCLUSION

Plaintiff's claims under the Rehabilitation Act, the ADA and the §1983, as alleged in Plaintiff's First Amended Complaint, are not applicable, based on the factual circumstances of this case, and Plaintiff should not be permitted to continue to assert inapplicable claims against Defendant. Plaintiff has not pled facts to support the applicability of the Rehabilitation Act, the ADA and the §1983 claims asserted and has provided no authority to support the applicability of

these claims. Plaintiff's pleadings contain conclusory allegations which are insufficient to state claims under the Rehabilitation Act, the ADA and the §1983. Plaintiff has not alleged any facts to establish that she is a "qualified individual with a disability" under the Rehabilitation Act or the ADA. She has failed to plead any facts regarding the manner in which she was purportedly discriminated against and/or received adverse treatment because of a disability. Plaintiff has failed to allege facts tending to show that she has been deprived of any right secured by the Constitution and the laws of the United States. Plaintiff has failed to allege that any deprivation of rights was caused by any state action of the Defendant. Plaintiff's claims and causes of action brought pursuant to the Rehabilitation Act, the ADA and §1983 are inapplicable to the facts and circumstances of this case and as such, Plaintiff fails to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

WHEREFORE, PREMISES CONSIDERED, Defendant Millwood Hospital, L.P. respectfully requests that the Court grant its Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss in its entirety, that Plaintiff's claims and causes of action with respect to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794; the Americans with Disabilities Act, 42 U.S.C. §12101, et seq.; and the Civil Rights Act of 1964, 42 U.S.C. §1983 be dismissed with prejudice, and for such other and further relief, at law and in equity, both general and specific to which Defendant may be justly entitled.

Respectfully submitted,

s/ M. Leslie Davis
**GLYNIS L. ZAVARELLI**
State Bar No. 00788743
gzavarelli@wandzlaw.com
**M. LESLIE DAVIS**
State Bar No. 24081547
ldavis@wandzlaw.com

**WENTZ & ZAVARELLI, L.L.P.**
222 W. Las Colinas Blvd. Suite 1900N
Irving, Texas 75039
(469) 665-9100 - Telephone
(469) 665-9106 – Facsimile

**ATTORNEYS FOR DEFENDANT
MILLWOOD HOSPITAL, L.P.**

**CERTIFICATE OF SERVICE**

On November 9, 2015, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

| *Via Electronic Service* | *Via Electronic Service* |
|---|---|
| Martin J. Cirkiel, Esq. | Kenneth Carden |
| Cirkiel & Associates | Carden Law PLLC |
| 1901 E. Palm Valley Blvd. | 1409 S. Lamar #601 |
| Round Rock, Texas 78664 | Dallas, Texas 75215 |

s/ M. Leslie Davis
**M. LESLIE DAVIS**