THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SAMANTHA TRIMBLE | § | |
| | § | |
| *Plaintiff* | § | |
| VS. | § | CASE NO. 4:14-CV-00868-O |
| | § | |
| MILLWOOD HOSPITAL | § | |
| | § | |
| *Defendant* | § | |

**DEFENDANT'S SUR-REPLY TO PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

TO THE HONORABLE JUDGE OF THE U.S. DISTRICT COURT:

COMES NOW, Defendant Millwood Hospital, L.P. d/b/a Millwood Hospital (hereinafter referred to as "Defendant" or "Millwood") and files its Sur-Reply to Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Reconsideration, and in support thereof, would respectfully show unto the Court as follows:

**I.**

**INTRODUCTION**

In order to avoid unnecessary repetition of its arguments, Defendant incorporates by reference its arguments in support of its Response to Plaintiff's Motion for Reconsideration [ECF No. 83], its arguments in support of its Motion to Dismiss for Failure to Comply with Texas Civil Practice & Remedies Code §74.351 [ECF No. 36 and ECF No. 64], its arguments in support of its Motion for Summary Judgment [ECF No. 37 and ECF No. 68] and the Court's findings in the Order [ECF No. 80] granting Defendant's Motion to Dismiss for Failure to Comply with Texas Civil Practice & Remedies Code §74.351 as to Plaintiff's state law claims

and granting Defendant's Motion for Summary Judgment as if fully set forth herein to the extent allowable pursuant to Federal Rule of Civil Procedure 10(c).

## II.

**DEFENDANT'S SUR-REPLY TO PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

*Plaintiff's misinterpretation and misapplication of the law*

In Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Reconsideration [ECF No. 84] ("Reply"), Plaintiff failed to present a cognizable basis to warrant reconsideration and, therefore, the Court should not review the substance of its underlying decision. *Fraizer v. Map Oil Tools, Inc.*, 725 F.Supp. 2d 597, 609 (S.D. Tex. 2010). Plaintiff has not established any of the grounds upon which the district courts may grant a Rule 59 motion: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

Plaintiff's Reply mischaracterizes, misinterprets and/or incorrectly cites the holdings and applicability of several court opinions. In her Reply, Plaintiff references a Fifth Circuit opinion dated February 16, 2016, but Plaintiff provides no citation for the referenced opinion. See Paragraph 2 on Page 1 of Plaintiff's Reply [ECF No. 84]. Defendant suspects that Plaintiff was referring to the unpublished Fifth Circuit opinion in *Alajmi v. Methodist Hospital*, No. 15-20278, 2016 U.S. App. LEXIS 3199, at *3 (5th Cir. Feb. 17, 2016).[1]

Assuming that Plaintiff was referring to the Fifth Circuit's opinion in *Alajmi*, Plaintiff is correct that the Fifth Circuit mentioned in dicta that there is a disagreement among the district courts on the issue of the applicability of Texas Civil Practice and Remedies Code §74.351 in

---

[1] Pursuant to the Scheduling Order [ECF No. 16] entered in this matter, copies of the unpublished opinions cited herein are attached hereto as Exhibit "A".

federal court. *Alajmi*, 2016 U.S. App. LEXIS 3199, at *3. However, Plaintiff incorrectly states that this Fifth Circuit opinion does not cite a case in support of the proposition that Chapter 74 applies in federal court. In the *Alajmi* opinion, in footnote no. 1, beginning with "*Compare*", the Fifth Circuit cited a list of cases in which district courts have held that Chapter 74 does not apply in federal court (including *Bunch v. Mollabashy*, No. 3:13-CV-1075-G BH, 2015 U.S. Dist. LEXIS 38717, at *8 (N.D. Tex. Mar. 26, 2015)) followed by a list of cases in which district courts have held that Chapter 74 **applies** in federal court cases, including the following: *Privett v. United States*, No. 5:13-CV-79, 2014 U.S. Dist. LEXIS 1769, at *1-2 (E.D. Tex. Jan. 8, 2014); *Prentice v. United States*, 980 F. Supp. 2d 748, 752 (N.D. Tex. 2013); and *Cruz v. Chang*, 400 F. Supp. 2d 906, 911-15 (W.D. Tex. 2005)(holding that the predecessor to §74.351 applies in federal court). *Alajmi*, 2016 U.S. App. LEXIS 3199, at *3-4.

As the District Court set forth in the Order granting Defendants' Motions to Dismiss entered in *Passmore v. Baylor Healthcare System*, Civil Action No. 3:13-cv-5016-P, in the United States District Court for the Northern District of Texas, Dallas Division [ECF No. 39 in *Passmore*], the Fifth Circuit's unpublished opinion in *Chapman v. United States*, 353 Fed. Appx. 911, 913 (5th Cir. 2009) provides insight into the Fifth Circuit's view on the nature of §74.351. While most of the pre-*Chapman* opinions support Plaintiff's position that §74.351 does not apply in federal court, there are many post-*Chapman* opinions in which the district courts have applied §74.351. See *Prentice v. United States*, 980 F. Supp.2d 748, 752 (N.D. Tex. 2013); *Henson v. Wichita County, Texas*, 652 F. Supp. 2d 730 (N.D. 2009); *Privett v. United States*, No. 5:13-CV-79, 2014 U.S. Dist. LEXIS 1769, at *1-2 (E.D. Tex. Jan. 8, 2014); and *Passmore v. Baylor Healthcare System*, Civil Action No. 3:13-cv-5016-P, in the United States District Court for the Northern District of Texas, Dallas Division. Also, see *Cruz v. Chang*, 400 F. Supp. 2d 906, 911-15 (W.D. Tex. 2005). Many of these courts have found the opinion in *Garland Dollar Gen. LLC*

*v. Reeves Dev., LLC* to be very persuasive on the §74.351 issue. *Garland Dollar Gen. LLC v. Reeves Dev., LLC*, No. 3:09-cv-0707, 2010 U.S. Dist. LEXIS 112180, 2010 WL 4259818 (N.D. Tex. Oct. 21, 2010)(holding that a similar Texas law which required the plaintiff to file a certificate of merit with the complaint was substantive). Based on the aforementioned authority as well as this Court's rationale contained in the dispositive Order [ECF No. 80], Defendant maintains that §74.351 applies in federal court and Plaintiff's Motion for Reconsideration should be denied.

Again, assuming that Plaintiff was referring to the Fifth Circuit's opinion in *Alajmi*, Plaintiff is also correct that the Fifth Circuit stated in a footnote that the issue of whether §74.351 applies in federal court is pending before the Fifth Circuit in *Passmore v. Baylor Health Care System, et al.*, Case No. 15-10358. *Alajmi*, 2016 U.S. App. LEXIS 3199, at *4, n.2. However, the fact that this issue is pending before the Fifth Circuit in *Passmore* is not a basis upon which this Court should "abate the proceedings or otherwise suspend judgment" as requested in Plaintiff's Reply. First, this case was closed as of March 4, 2016, when this Court entered the dispositive Order [ECF No. 80] and the Final Judgment [ECF No. 81]. There is no reasonable basis to "suspend judgment" at this juncture.

Second, the future holding in *Passmore* may be based upon facts which are not present in this case. For example, the Fifth Circuit's decision in *Passmore* may be contingent upon the parties' course of dealing in that particular litigation and the *Passmore* Plaintiffs' argument that the Defendants waived their right to an expert report under §74.351 because of those case-specific facts and course of dealing. In contrast here, Defendant clearly did not waive its right to an expert report under §74.351. This Court found that Millwood did not intentionally relinquish its known right. As the Court indicated in its Order [ECF No. 80], Plaintiff concedes that Defendant raised concerns over whether Chapter 74 of the Texas Civil Practice and Remedies

Code applies in federal court, and Millwood did not assert other legal positions inconsistent with asserting its right to an expert report under §74.351.  Finally, it is impossible to predict when the Fifth Circuit will issue a ruling in *Passmore*.  Therefore, this Court should not "abate the proceedings or otherwise suspend judgment" as Plaintiff requests.

*Plaintiff's newly asserted grounds do not warrant reconsideration*

In her Reply, Plaintiff included new arguments regarding the Texas Mental Health Code, Plaintiff's purported negligence *per se* claims and Texas Civil Practice and Remedies Code §16.064 – arguments which Plaintiff did not include in Plaintiff's Motion for Reconsideration [ECF No. 82].  As such, given that such arguments and grounds were not asserted in Plaintiff's Motion for Reconsideration, Plaintiff has not timely asserted same.  Federal Rule of Civil Procedure 59(e).  None of Plaintiff's new arguments warrant reconsideration of this Court's prior dispositive Order [ECF No. 80] and Final Judgment [ECF No. 81].

To the extent that the Court is inclined to consider these new arguments, and with respect to the substance of same, Plaintiff contends that her claims brought pursuant to the Texas Mental Health Code are essentially negligence *per se* claims and that she has no burden to submit an expert report on causation.  However, as the Court set forth in the dispositive Order [ECF No. 80], expert testimony is required to establish Plaintiff's claims as they are health care liability claims.  This Court found that Plaintiff's claims brought pursuant to the Texas Mental Health Code are subject to the §74.351 expert report deadline, and Plaintiff failed to comply with the §74.351 expert report requirement.  Further, the Court noted that Plaintiff likewise failed to timely designate experts, pursuant to Federal Rule 26 and the Scheduling Order [ECF No. 16], to testify as to the applicable standard of care – expert testimony that was also required to establish Plaintiff's claims.  Therefore, the Court properly granted Defendant's Motion for Summary

Judgment and dismissed Plaintiff's claims brought pursuant to the Texas Mental Health Code, and reconsideration is not warranted.

Plaintiff also claims that Defendant's alleged violations of the Texas Mental Health Code are "by extension, a violation of Section 504 of the Rehabilitation Act of 1973". This argument is circular, fails and does not warrant reconsideration. In its dispositive Order [ECF No. 80], the Court found that Plaintiff failed to come forward with competent summary judgment evidence to establish her Rehabilitation Act claim. Specifically, Plaintiff failed to present evidence to support an essential element of her Rehabilitation Act claim -- that she was discriminated against solely by reason of a disability. Therefore, Plaintiff's claim that an alleged violation of the Texas Mental Health Code is "by extension" a violation of the Rehabilitation Act is without merit and certainly is not a basis for reconsideration of this Court's prior dispositive Order [ECF No. 80] and Final Judgment [ECF No. 81].

*Texas Civil Practice and Remedies Code §16.064 is not applicable*

In her Reply, Plaintiff contends that, if she has failed to satisfy a jurisdictional bar in failing to comply with the §74.351 expert report requirement, the proper outcome under Texas Civil Practice and Remedies Code §16.064 is to dismiss Plaintiff's claims without prejudice and permit the refiling of the claims in the proper court within sixty days. Texas Civil Practice and Remedies Code §16.064 deals with the tolling of the statute of limitations when the first suit is filed in the wrong court. Plaintiff's reliance on §16.064 is misplaced, and §16.064 is certainly not a basis for reconsideration of this Court's prior dispositive Order [ECF No. 80] and Final Judgment [ECF No. 81].

### III.

### CONCLUSION

Nothing warrants reconsideration of this Court's prior dispositive Order [ECF No. 80] and Final Judgment [ECF No. 81]. Plaintiff's Motion for Reconsideration is merely an attempt to re-litigate issues that were resolved to her dissatisfaction, and she should not be allowed a "second bite at the apple" on the precise issues that were previously addressed by the parties, briefed extensively (and, for which Plaintiff was provided multiple opportunities and extensions for same) and considered and ruled upon by this Court. Plaintiff has failed to present a cognizable basis that warrants reconsideration and, therefore, Plaintiff's Motion for Reconsideration should be denied.

WHEREFORE, PREMISES CONSIDERED, Defendant Millwood Hospital, L.P. respectfully requests that the Court deny Plaintiff's Motion for Reconsideration in its entirety, and for such other and further relief, at law and in equity, both general and specific to which Defendant may be justly entitled.

Respectfully submitted,

/s/ M. Leslie Davis
**GLYNIS L. ZAVARELLI**
State Bar No. 00788743
gzavarelli@wandzlaw.com
**M. LESLIE DAVIS**
State Bar No. 24081547
ldavis@wandzlaw.com

**WENTZ & ZAVARELLI, L.L.P.**
222 W. Las Colinas Blvd. Suite 1900N
Irving, Texas 75039
(469) 665-9100 - Telephone
(469) 665-9106 – Facsimile

**ATTORNEYS FOR DEFENDANT MILLWOOD HOSPITAL, L.P.**

# CERTIFICATE OF SERVICE

On May 4, 2016, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court for the Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

| *Via Electronic Service* | *Via Electronic Service* |
|---|---|
| Martin J. Cirkiel, Esq. | Kenneth Carden |
| Cirkiel & Associates | Carden Law PLLC |
| 1901 E. Palm Valley Blvd. | 1409 S. Lamar #601 |
| Round Rock, Texas 78664 | Dallas, Texas 75215 |

/s/ M. Leslie Davis
**M. LESLIE DAVIS**