IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SAMANTHA TRIMBLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-cv-00868-O |
| | § | |
| MILLWOOD HOSPITAL, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court are Plaintiff's Motion for Reconsideration (ECF No. 82), filed April 1, 2016; Defendant's Response (ECF No. 83), filed April 7, 2016; Plaintiff's Reply (ECF No. 84), filed April 10, 2016; and Defendant's Sur-Reply (ECF No. 87), filed May 4, 2016. Having considered the Motion, the briefing, and the applicable legal standards, the Court finds that the Motion should be and is hereby **GRANTED in part** and the Court **RESERVES** ruling in part**.**

**I.    PROCEDURAL BACKGROUND**

The Court assumes the parties' familiarity with the facts underlying this case. On March 4, 2016, the Court granted Defendant's Motion to Dismiss for Failure to Comply with Texas Civil Practice & Remedies Code § 74.351 and Motion for Summary Judgment (ECF No. 37). Order, Mar. 4, 2016, ECF No. 80. Thereafter, the Court issued its final judgment. ECF No. 81. Samantha Trimble ("Trimble") timely filed the instant Motion for Reconsideration on April 1, 2016. *See* ECF No. 82. The motion is fully briefed and ripe for review.

**II.    LEGAL STANDARD**

A motion to reconsider a judgment or order is generally analyzed under Rule 59(e) or Rule 60(b). *Brush v. Wells Fargo Bank, N.A.*, 911 F. Supp. 2d 445, 479 (S.D. Tex. 2012) (citing *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998)). When a motion for reconsideration is filed within 28 days after the entry of the order, the motion is treated as though it were filed under Rule 59. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (citing *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003)). Here, Trimble's motion was filed inside of the applicable 28 day time frame, and therefore, the Court will analyze Trimble's motion under Rule 59(e).

Pursuant to Rule 59 of the Federal Rules of Civil Procedure, "[m]otions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citations omitted). Such motions may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). Generally, a Rule 59 motion may not be used to raise arguments or present evidence that could have been presented prior to entry of judgment. *See Simon*, 891 F.2d at 1159. Under extraordinary circumstances, a court may entertain a motion for reconsideration in the light of evidence not in the summary judgment record. *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). However, an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration. *Id.* Considerable discretion is granted to district courts in deciding whether to grant or deny a motion to alter a judgment. *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just

decisions on the basis of all the facts." *Id.* Further, the Fifth Circuit has observed that Rule 59(e) "favor(s) the denial of motions to alter or amend a judgment." *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993); *see also Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

## II.     ANALYSIS

Trimble raises four grounds for reconsideration of the Court's Order granting summary judgment. Because the Court finds that reconsideration is appropriate but additional briefing is required, the Court **GRANTS** the motion in part and **RESERVES** ruling in part.

### A.     Section 74.351 Applies to this Action.

First, Trimble urges the Court to reconsider its conclusion that Texas Civil Practice & Remedies Code § 74.351 applies in federal court and bars her health care liability claims including those for negligence, gross negligence, false imprisonment, under Chapter 321, and under the Texas Health Code. Mot. Reconsid. 7, ECF No. 82. On May 19, 2016, the Fifth Circuit released its opinion in *Passmore v. Baylor Health Care System*, No. 15-10358 (5th Cir. May 19, 2016) (slip op.). The Fifth Circuit held that § 74.351 collides with Federal Rules of Civil Procedure 26 and 37 and therefore does not apply in federal court. *Id.* at *2. Thus, the Court reconsiders its grant of summary judgment on this ground. However, additional briefing is required to determine whether summary judgment is appropriate in light of Trimble's failure to designate experts to testify to standard of care and liability. Accordingly, the Court **ORDERS** Defendant Millwood Hospital ("Millwood") to brief which, if any, of Trimble's claims require expert testimony to establish causation **on or before June**

**15, 2016.** Trimble may file a response **on or before June 20, 2016**, and Millwood may file a reply **on or before June 24, 2016**.

> **B. The Court Reconsiders Its Grant of Summary Judgment on Trimble's Rehabilitation Act Claim.**

Trimble argues that "the Court erred by dismissing [her] Rehabilitation Act Claim." Mot. Reconsid. 9, ECF No. 82 (capitalization omitted). Here, Trimble highlights an inference impermissibly drawn in the movant's favor on summary judgment. Trimble correctly argues that, under the summary judgment standard, the Court may draw in her favor the inference that Millwood falsified her medical records and committed other alleged omissions *because* of her qualifying disability. *See id.* ¶¶ 32–33. Accordingly, Trimble has shown a manifest error of law at this stage of the proceedings and the Court **GRANTS** her motion on this ground.

The Court previously found that Trimble created a genuine dispute of material fact as to her qualifying disability and intentional discrimination under the Rehabilitation Act. Order 19–20, Mar. 4, 2016, ECF No. 80. Having concluded that Trimble created a genuine dispute of material fact as to the basis of this discrimination, the Court finds that summary judgment should be and is hereby **DENIED** as to her Rehabilitation Act discrimination claim. *See Bennett-Nelson v. La. Bd. of Regents*, 431 F.3d 448, 454–55 (5th Cir. 2005). However, the Court will not reconsider its finding of no genuine dispute of material fact as to Trimble's accommodation claim under the Rehabilitation Act, as she failed to provide evidence of reasonable accommodation and has not identified a manifest error of law in this regard. *See id.*

If Trimble's Rehabilitation Act discrimination claims requires expert testimony to establish Millwood's liability, it should be briefed with the remaining claims.

## IV. CONCLUSION

Based on the foregoing analysis, Trimble's Motion for Reconsideration of Court's Order (ECF No. 82) is **GRANTED in part** and the Court **RESERVES** ruling in part. Millwood must brief which, if any, of Trimble's claims require expert testimony to establish causation **on or before June 15, 2016**. Trimble may file a response **on or before June 20, 2016**, and Millwood may file a reply **on or before June 24, 2016**. The Court sets this cause for jury trial beginning on **July 25, 2016** at **9:00 a.m.** It is **FURTHER ORDERED** that the parties must confer and submit for approval a Joint Status Report including a proposed Scheduling Order and any remaining pretrial deadlines[1] that accommodates the July 25, 2016 trial setting. The Joint Status Report must be submitted **on or before June 12, 2016.**

**SO ORDERED** on this **6th day** of **June, 2016**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[1] These deadlines include but are not limited to pretrial materials exchange deadlines (witness lists, exhibit lists), the filing of pretrial motions, a proposed jury charge, and optional trial briefs. *See* Sched. Order ¶¶ 7–11, ECF No. 16.